IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MARSHALL FEATURE RECOGNITION, LLC, § § § <br> Plaintiff, § <br> § CIVIL ACTION NO. <br> v. § <br> § JURY TRIAL DEMANDED <br> PEPSI-COLA COMPANY, and FRITO- § <br> LAY, INC., § <br> Defendants. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Marshall Feature Recognition, LLC ("Plaintiff" or "MFR"), by and through its undersigned counsel, files this Complaint against Defendants Pepsi-Cola Company, and Frito-Lay, Inc., (collectively, the "Defendants") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 6,886,750 entitled "Method and Apparatus for Accessing Electronic Data Via a Familiar Printed Medium" (the "'750 patent"; a copy of which is attached hereto as Exhibit A). MFR is the owner by assignment of the '750 patent. MFR seeks injunctive relief and monetary damages.

## PARTIES

2. Plaintiff Marshall Feature Recognition, LLC is a limited liability company organized under the laws of the State of Texas. Plaintiff maintains its principal place of business at 104 East Houston Street, Suite 170, Marshall, Texas 75760.

3. Upon information and belief, Defendant Pepsi-Cola Company ("Pepsi-Cola") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 700 Anderson Hill Road, Purchase, New York 10577.

4. Upon information and belief, Defendant Frito-Lay, Inc. ("Frito-Lay") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 7701 Legacy Drive, Plano, Texas 75024 and is a wholly owned subsidiary of Pepsi-Cola.  Frito-Lay is registered with the Secretary of State of the State of Texas and its registered agent for service is CT Corporation System located at 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. § *et seq.*, including 35 U.S.C. § 271.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Defendants because: Defendants are present within or have minimum contacts with the State of Texas and the Eastern District of Texas; Defendants have purposefully availed themselves of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendants have sought protection and benefit from the laws of the State of Texas; Defendants regularly conduct business within the State of Texas and within the Eastern District of Texas; and Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

7. More specifically, Defendants, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) products and services in the United States, the State of Texas, and the Eastern District of Texas. Defendants solicit customers in the State of Texas and in the Eastern District of Texas. Defendants have paying customers who are residents of the State of Texas and the Eastern District of Texas and who use the Defendants' products and services in the State of Texas and in the Eastern District of Texas.

8. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§1391 and 1400(b).

## COUNT I– INFRINGEMENT OF U.S. PATENT 6,886,750

9. MFR refers to and incorporates herein the allegations of Paragraphs 1-10 above.

10. The '750 Patent was duly and legally issued by the United States Patent and Trademark Office on May 3, 2005, after full and fair examination. The '750 patent is in full force and effect. Plaintiff is the owner by assignment of the '750 patent and possesses all rights of recovery under the '750 patent, including the right to sue for infringement and recover past damages.

11. Defendants own, operate, advertise, control, sell, and otherwise provides systems that infringe the '750 patent. The '750 patent provides, among other things, a "system for displaying programming to a user, the system comprising: a printed commercial document having at least one machine recognizable feature; a feature recognition unit having associated therewith a means for recognizing said feature and a means for transmitting a coded signal in response to the recognition of said feature; an intelligent controller having associated therewith a

means for accessing said programming material in response for receiving said coded signal; and a display unit presenting said programming material."

12. Defendants have infringed and continues to infringe one or more claims of the '750 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for accessing electronic data. Particularly, Defendants require and/or direct users to access and/or use Quick Response Codes ("QR Codes") printed on their commercial advertisements, in a manner claimed in the '750 patent. Defendants infringe the '750 patent by providing printed commercial documents that have at least one machine recognizable feature aka a QR Code.

13. Defendants infringe '750 patent by providing QR Codes on printed commercial advertisements to be used by viewers for accessing programmed material. QR Codes are features recognized by the mobile smartphone device when the device, controlled by the user, scans the QR Code, in a manner claimed by the '750 patent. The mobile smartphone device uses a barcode scanner application to communicate with the QR Code, featured within the Defendants printed advertisement, to obtain programmed information relating to the advertisement.

14. After the mobile device scans the QR Code, a communication link is established and the content is displayed on the screen of the mobile device. Accessed content relates to the commercial advertisement and is programmed by the Defendants to relate to the printed commercial document. The Defendants infringe the '750 patent when the scanned QR Code provides programmed content to the user of the mobile device relating to the commercial document featuring the QR Code.

15. When the mobile device scans the QR Code, on information and belief, a command sequence is initiated to access material programmed by the Defendants to relate to the advertisement. The user's device then downloads, via the Internet, the programmed data indicative of the QR Code. On information and belief, this data is programmed and stored on Defendants remote servers for access by devices that have scanned corresponding QR Codes.

16. Defendants also have infringed under 35 U.S.C. § 271(b) by inducing infringement of the '750 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, performing certain steps of the methods claimed by the '750 patent, and advising, encouraging, or otherwise inducing others to perform the remaining steps claimed by the '750 patent to the injury of MFR. For example, Defendants have configured the QR Codes to be scanned by most smartphone devices, inducing others to perform steps claimed thereby infringing on the '750 patent. Since at least the filing date of this Complaint, Defendants have had knowledge of the '750 patent, and by continuing the actions described above, have had specific intent to induce infringement of the '750 patent pursuant to 35 U.S.C. § 271(b).

17. Defendants' aforesaid activities have been without authority and/or license from Plaintiff.

18. Plaintiff is entitled to recover from the Defendants the damages sustained by Plaintiff as a result of the Defendants wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

19. Defendants' infringement of Plaintiff's exclusive rights under the '750 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

20. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against the Defendants, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '750 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendants acts of infringement together with pre-judgment and post-judgment interest;

C. That, should Defendants acts of infringement be found to be willful from the time that Defendants became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of infringement with respect to the claims of the '750 patent;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

   F. Any further relief that this Court deems just and proper.

Dated: December 20, 2012

                Respectfully submitted,

             By:  ___/s/ Melissa R. Smith_____
                 Melissa Richards Smith
                 Attorney-In-Charge
                 TX State Bar No. 24001351

                 **GILLAM & SMITH, LLP**
                 303 South Washington Avenue
                 Marshall, Texas 75670
                 Telephone:  (903) 934-8450
                 Facsimile:  (903) 934-9257
                 melissa@gillamsmithlaw.com

                 **ATTORNEY FOR PLAINTIFF**
                 **MARSHALL FEATURE RECOGNITION, LLC**

*Of Counsel:*
Thomas Maiorino, Esq.

**MAIORINO LAW GROUP LLC**
224 Amberfield Drive
Mount Laurel, New Jersey 08054
Telephone:  (609) 760-7360
Facsimile:  (267) 750-7360
tmaiorinolaw@comcast.net

## CERTIFICATE OF SERVICE

      I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on the 20th day of December, 2012 per Local Rule CV-5(a)(3).

                                                                  */s/ Melissa R. Smith*